**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Mohamed Ali SHETEWI,**
**Defendant-Appellant.**

**No. 83CA0024.**

Colorado Court of Appeals,
Div. I.

Dec. 22, 1983.

Rehearing Denied Jan. 19, 1984.

Certiorari Denied April 9, 1984.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Office of Harry J. Holmes, Hal D. Blacker, Longmont, for defendant-appellant.

METZGER, Judge.

Following a jury trial, defendant, Mohamed Ali Shetewi, was convicted of vehicular homicide and leaving the scene of an accident involving death. Sections 18–3–106, C.R.S.1973, and 42–4–1401, C.R.S.1973 (1982 Cum.Supp.). He contends that the trial court committed reversible error by admitting certain identification evidence without holding a hearing, and by admitting inculpatory statements he made after invoking his right to remain silent during interrogation. We reverse and remand for a new trial.

The incident occurred late one night when a vehicle collided with a pedestrian and drove away. A passing bicyclist observed the accident and obtained the vehicle's license number. The day after the accident he positively identified defendant

as the driver. Two of the victim's companions also viewed the driver momentarily but were unable to make a positive identification.

The police contacted defendant in his apartment the afternoon after the offense and after ascertaining his identity, immediately advised him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant stated that he did not want to talk to the police.

One of the officers then began to recite to defendant the circumstances of the accident and of the police investigation. According to the officer's testimony, this recitation was designed to determine whether defendant had given the keys to the car involved in the accident to anyone else and to apprise defendant of the officers' reasons for contacting him. During the officer's recitation, defendant asked, "How is the man?" The officer replied, "The girl is dead." The defendant responded, "No, she can't be, I would have stopped. I drove out of [a bar]." At that point defendant hesitated and the officer began to question him.

The trial court found that defendant was in custody from the time the officers entered his apartment, and suppressed all statements made by the defendant after the officer initiated questioning. However, the court admitted the above-quoted statements on the basis that they were not made in response to interrogation.

Defendant contends that the trial court erroneously ruled that his inculpatory statements to police were not made in response to interrogation. *See Miranda v. Arizona, supra.* He argues that the arresting officer's admission that his intent to "determine if he (defendant) had given the keys to anyone else," is evidence of an intent by the officer to elicit a response.

■ In determining whether interaction between police and a suspect constitutes interrogation under *Miranda*, the primary focus is upon the perceptions of the suspect, but the intent of the police may have a bearing on whether the police should have known that their words or actions were reasonably likely to evoke an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *People v. Lowe*, 200 Colo. 470, 616 P.2d 118 (1980).

■ Here, the officer testified that, when the defendant made the statements at issue, the officer had formed the intent to question defendant and had made a determination to arrest defendant if he did not answer any questions. Thus, the officer's statements to defendant constituted interrogation.

Since these statements were made to defendant after he had been advised of his right to remain silent pursuant to *Miranda v. Arizona, supra*, and after defendant had invoked that right by saying that he did not wish to speak to the officers, defendant's comments should have been suppressed. *See People v. Johnson*, 671 P.2d 958 (Colo. 1983).

Defendant's other contention of error is without merit.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and BERMAN, JJ., concur.